IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02513-BNB

LAWRENCE M. KUBACKI,

    Plaintiff,

v.

BRUCE LEVIN,
FRAN WASSERMAN,
BILL FREEMAN,
BYRON HAZE,
DOUG HILDEBRANT,
STEVEN ANTUNA, and
VIRGINIA GRADY,

    Defendants.

ORDER OF DISMISSAL

    Plaintiff, Lawrence M. Kubacki, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the correctional facility in Limon, Colorado. Mr. Kubacki initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 challenging the validity of a state court criminal conviction. As relief Mr. Kubacki seeks damages and to be released from custody.

    The Court must construe Mr. Kubacki's filings liberally because he is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading

requirements." *Hall*, 935 F.2d at 1110.  However, the Court should not be an advocate for a *pro se* litigant.  *See id*.  For the reasons set forth below, the complaint and the action will be dismissed.

As noted above, Mr. Kubacki is challenging the validity of a state court criminal conviction.  He is suing the state court judges involved in his criminal proceedings, his public defender, and the detectives who investigated criminal charges against him.  He contends he was convicted on charges of first-degree murder and aggravated robbery, and received a life sentence after similar charges against him previously were dismissed.  He asserts one claim of double jeopardy.

To the extent Mr. Kubacki seeks to be released from custody, his sole federal remedy is a writ of habeas corpus.  *See Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973).  Therefore, the habeas corpus claims may not be raised in this § 1983 action.  If Mr. Kubacki wishes to pursue any habeas corpus claims, he must file a separate habeas corpus action naming a proper Respondent and using the proper habeas corpus form.  Mr. Kubacki must exhaust state court remedies for the federal claims he intends to raise  before he may seek habeas corpus relief in federal court .  *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (noting that state court remedies must be exhausted prior to seeking habeas corpus relief).  In addition, any habeas corpus action  Mr. Kubacki may wish to pursue is subject to a one-year limitation period.  *See* 28 U.S.C. § 2244(d).

Mr. Kubacki's claims for damages, which may be asserted in a § 1983 action, will be dismissed because those claims are barred by the rule in *Heck v. Humphrey*, 512

U.S. 477 (1994).  Pursuant to *Heck*, if a judgment for damages necessarily would imply the invalidity of a criminal conviction or sentence, the action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ.  *See Heck*, 512 U.S. at 486-87.

Based on Mr. Kubacki's description of the nature of this case, it is apparent to that he is challenging the validity of his state court criminal conviction.  It also is apparent that Mr. Kubacki has not invalidated his conviction because part of the relief he seeks is to be released from custody.  Therefore, the Court finds that Mr. Kubacki's claims for damages challenging the validity of his state court criminal conviction are barred by the rule in *Heck* and must be dismissed.  The dismissal of these claims will be without prejudice.  *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996).  Accordingly, it is

ORDERED that the Prisoner Complaint and the action are dismissed without prejudice because the habeas corpus claims may not be raised in this action pursuant to 42 U.S.C. § 1983, and the claims for damages are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994).

DATED at Denver, Colorado, this   15th   day of   November  , 2011.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court